IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 18-CV-5490 |
| v. | ) ) | C O M P L A I N T |
| CITGO PETROLEUM CORPORATION, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) ) ) | |

**NATURE OF THE ACTION**

      This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dale Hudson ("Hudson"), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant CITGO Petroleum Corporation ("CITGO" or the "Employer") violated the Americans with Disabilities Act when it:

  a) failed to hire Hudson because Defendant:

      i. Regarded Hudson as disabled, or alternatively

      ii. Failed to provide Hudson, a qualified individual with a disability, a reasonable accommodation,

  and

1

    b) imposed eligibility criteria that screened out, or tended to screen out Hudson because of his disability, where that eligibility criteria was not job related and consistent with business necessity.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, CITGO has continuously been a corporation doing business in the State of Illinois and the Village of Lemont and has continuously had at least 15 employees.

5. At all relevant times, CITGO has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, CITGO has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Hudson filed a charge with the Commission alleging violations of the ADA by CITGO.

8. On May 17, 2017, the Commission issued to CITGO a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with CITGO to provide it the opportunity to remedy discriminatory practices described in the Letter of Determination.

10. On June 8, 2018, the Commission issued to CITGO a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. CITGO subjected Hudson to an adverse employment action, failure to hire, because of an actual or perceived impairment or disability under Section 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), including, but not limited to, monocular vision.

13. On or about May 9, 2014, CITGO engaged in unlawful employment practices at its Lemont, Illinois location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), when it failed to hire Hudson for the position of Operations Technician Trainee because it regarded him as disabled.

14. In the alternative to the unlawful employment practices complained in paragraph 13 above, in or about May 9, 2014, CITGO engaged in unlawful employment practices at its Lemont, Illinois location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), when it failed to hire Hudson for the position of Operations Technician Trainee because of his disability of monocular vision and failed to provide Hudson a reasonable accommodation.

15. In addition to the unlawful employment practices complained of in paragraph 13 or 14 above, on or about May 9, 2014, CITGO engaged in unlawful employment practices at its Lemont, Illinois location, in violation of Section 102 of Title I of the ADA, of 42 U.S.C.A. § 12112 (b)(6) when it imposed, for the position of Operations Technician Trainee, eligibility criteria of binocular vision that screened out, or tended to screen out Hudson because of his monocular vision. This eligibility criteria was not job related and consistent with business necessity.

16. The effect of the practices complained of in paragraphs 12 -15 above has been to deprive Hudson of equal employment opportunities and otherwise adversely affect his status as an employee because he was regarded as having a disability.

17. The unlawful employment practices complained of in paragraphs 12 -15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 12-15 above were done with malice or with reckless indifference to the federally protected rights of Hudson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant CITGO, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant CITGO to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant CITGO to make Hudson whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant CITGO to make Hudson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-15, in amounts to be determined at trial.

E. Order Defendant CITGO to make Hudson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-15 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant CITGO to pay Hudson punitive damages for its malicious and reckless conduct, as described in paragraphs 12-15 above, in amounts to be determined at trial.

G.  Order Defendant CITGO to make Hudson whole through placement into the position of Operations Technician Trainee with full benefits and seniority or pay Hudson front-pay in lieu of placement.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 13, 2018

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

s/ Gregory Gochanour
Regional Attorney
Gregory Gochanour

s/ Deborah Hamilton
Supervisory Trial Attorney
Deborah Hamilton

s/ Richard J. Mrizek
Trial Attorney
Richard J. Mrizek
ARDC # 6237730

                                      s/ Kelly Bunch  
                                      Trial Attorney  
                                      Kelly Bunch  
                                      ARDC # 6323195

                                      U.S. Equal Employment  
                                       Opportunity Commission  
                                      Chicago District Office  
                                      500 West Madison St. Ste 2000  
                                      Chicago, Illinois 60661  
                                      (312) 869-8117  
                                      richard.mrizek@eeocGov